## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| JULIO FERRER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| | : |
| M.C.C.I, et al., | : |
| | : |
| Defendants. | : |

_____ :

Civ. No. 12-7768 (FLW) (LHG)

**OPINION**

### FREDA L. WOLFSON, U.S.D.J.

### I.    INTRODUCTION

Plaintiff is presently confined at the Monmouth County Correctional Institution ("M.C.C.I.") in Freehold, New Jersey.  Plaintiff brings this civil rights action *pro se* and has submitted an application to proceed *in forma pauperis*.  Based on the *in forma pauperis* application, the Court will grant Plaintiff's application to proceed *in forma pauperis* and will order the Clerk to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed with leave to amend.

### II.    BACKGROUND

Plaintiff names three Defendants in this action, the M.C.C.I., the United States Attorney General's Office and the United States Marshals Office.  (*See* Compl. at p. 1.)  Plaintiff claims

that all three Defendants failed to properly classify, assign, and house Plaintiff while he was in their custody.  (*See id.* at p. 7.)  In connection with this allegation, he alleges that he was mixed with county and state inmates at M.C.C.I.[1]  (*See id.* at p. 5.)  As a result of being improperly classified, assigned, and housed, he contends that he was the victim of an attack by a gang member which caused him to suffer a broken jaw.  (*See id.*)  He further alleges that his family and his attorney notified M.C.C.I. and the U.S. Marshals, and that neither entity took any action on his behalf.  (*See id.*)

### III.    STANDARD OF REVIEW

A. <u>Standards for *Sua Sponte* Dismissal</u>

The Prison Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (Apr. 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  This action is subject to both 28 U.S.C. § 1915(e)(2)(B) and 1915A because plaintiff is proceeding *in forma pauperis* and is a prisoner.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  However, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible which "allows the

---

[1] Based on this allegation, it appears that Plaintiff is a federal prisoner.

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
*Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible.  *See* 556 U.S. at 678-79; *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must do more than allege a plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citation omitted).  That said, in light of the Plaintiff's *pro se* status, the Court liberally construes the complaint in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *see also Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("Pro se filings . . . must be liberally construed.").

B.  *Bivens* Actions

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), the Supreme Court created a federal counterpart to the remedy created in 42 U.S.C. § 1983.[2]  *See Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (stating that *Bivens* actions are the federal counterpart to Section 1983).  In order to state a claim under *Bivens*, a plaintiff must allege:  (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by a person acting under color of federal law.  *See Couden v. Duffy*, 446 F.3d 483, 491 (3d Cir. 2006) (stating that under Section 1983 "an individual may bring suit for damages against any person who, acting under color of state law, deprives another individual of any rights, privileges, or immunities secured by the United States Constitution or federal law," and that *Bivens* held that a parallel right exists against federal

---

[2] Plaintiff does not state in his complaint whether he is bringing his claims pursuant to *Bivens* or under 42 U.S.C. § 1983.  However, as two of the defendants are federal agencies, the court will assume for purposes of this Opinion that plaintiff is bringing his claims under *Bivens*.  Indeed, because plaintiff asserts that he was mixed with "county and state inmates," it suggests that he is a federal inmate.  (*See* Compl. at p. 5.)

officials); *see also Collins v. F.B.I.*, Civ. No. 10-3470, 2011 WL 1627025, at *6 (D.N.J. Apr. 28, 2011) ("The Third Circuit has recognized that *Bivens* actions are simply the federal counterpart to § 1983 claims brought against state officials and thus the analysis established under one type of claim is applicable under the other.").  Under *Bivens*, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676.

While *Bivens* may provide for a cause of action against individual federal officers, "a plaintiff may not use *Bivens* to pursue Constitutional claims against the United States or its agencies." *See Mierzwa v. United States*, 282 Fed. Appx. 973, 976 (3d Cir. 2008) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001).  "The doctrine of sovereign immunity bars all suits against the United States except where such immunity is waived by Congress." *Id.* (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  Furthermore, a correctional facility is not a "person" subject to suit for violating a plaintiff's Constitutional rights.  *See Cartagena v. Camden Cnty. Corr. Facility*, Civ. No. 12-4409, 2012 WL 5199217, at *2 (D.N.J. Oct. 19, 2012) (citing *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989)).

## IV.    DISCUSSION

It appears from the complaint that Plaintiff is attempting to bring a failure to protect from inmate violence claim against the Defendants.  To state a claim for failure to protect from inmate violence, Plaintiff must allege that:  (1) he was incarcerated under conditions posing a substantial risk of harm; (2) the official was deliberately indifferent to that substantial risk of harm; and (3) the official's deliberate indifference caused the harm.  *See Farmer v. Brennan*, 511 U.S. 825,

833, 837 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012).  The Third Circuit has stated that:

> "Deliberate indifference in this context is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety."  *Beers-Capitol [v. Whetzel]*, 256 F.3d 120, 125 [(3d Cir. 2001)].  It is not sufficient that the official should have known of the risk.  *Id.* at 133.  A plaintiff can, however, prove an official's actual knowledge of a substantial risk to his safety "in the usual ways, including inference from circumstantial evidence."  *Farmer*, 511 U.S. at 842.  In other words, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  *Id.*

*Bistrian*, 696 F.3d at 367.

In this case, the complaint fails to allege facts to support a claim of deliberate indifference on the part of Defendants.  The complaint simply states that the Defendants failed to properly classify and safely house Plaintiff as he was mixed with county and state inmates as well as gang members.  As a result, plaintiff alleges he was assaulted by a gang member.  It does not allege that an individual actually knew or had been aware of an excessive risk to Plaintiff's safety.  While Plaintiff alleges that M.C.C.I. and the U.S. Marshals "were notified by [his] family and [his attorney]," and that "no action was taken . . . on [his] behalf," (*see* Compl. at p. 7.), Plaintiff does not allege that his family and attorney notified M.C.C.I. and the U.S. Marshals *before* the alleged attack, nor does Plaintiff allege what the defendants were told.  In short, the complaint does not allege facts that the Plaintiff was incarcerated under conditions posing a substantial risk of harm, nor does it allege facts that an individual official was deliberately indifferent to that substantial risk of harm.  Therefore, the complaint fails to state a failure to protect claim.  Nevertheless, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted in this Opinion, Plaintiff shall be given leave to file an amended complaint.

Additionally, the complaint will be dismissed as the three Defendants named in the complaint are not proper defendants in this action.  First, Plaintiff names M.C.C.I. as a Defendant.  Since M.C.C.I. is plaintiff's place of confinement, it is not a "person" for purposes of potential *Bivens* liability.  *See Cracolici v. Bureau of Prisons*, Civ. No. 10-2482, 2010 WL 3087132, at *1 (D.N.J. Aug. 3, 2010) (stating that the Bureau of Prisons is not a "person" within the meaning of a civil suit asserting jurisdiction under *Bivens*); *see also Cartagena*, 2012 WL 5199217, at *2.  Similarly, the United States Attorney General's Office and the United States Marshals Office, as agencies of the United States, are not "persons" under *Bivens*.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."); *Albert v. Yost*, 431 Fed. Appx. 76, 81 (3d Cir. 2011) ("A *Bivens* claim can be maintained only against individual federal officers, not against a federal entity.") (citation omitted).  Thus, the complaint will also be dismissed because the three named Defendants are improper in this action.

## V.    CONCLUSION

For the reasons set forth above, the complaint will be dismissed without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  As it is possible that Plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, Plaintiff will be granted leave to move to re-open this action and to file an amended complaint.  If Plaintiff choses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the original complaint.

DATED: June 5, 2013                                        s/Freda L. Wolfson
                                                          FREDA L. WOLFSON
                                                          United States District Judge